## FRANKEL v. DEIDESHEIMER.

### No. 11,573; June 29, 1887.

#### 15 Pac. 429.

**Deed—Consideration—Presumptions.—Where the Evidence was Clear** and unequivocal that a deed was made on or within a day or two of October 15, 1883, and there was no evidence to show that the property conveyed had at the time a market value in excess of the amount paid, and there was no evidence of fraud, held, that a finding of fact to the contrary, based upon presumptions, could not be sustained.

APPEAL from Superior Court, Sierra County.

Freeman, Bates & Rankin, Hundley, Gage & Ford, S. B. Davidson and Stanley A. Smith for appellant; P. Van Clief for respondent.

By the COURT.—We are of opinion that the evidence is insufficient to justify the findings of fact in the court below in the following particulars, viz.: That the location of the Willow quartz lode was made at the request or for the use or benefit of the defendant, Philipp Deidesheimer; that Deides-

heimer conveyed an undivided half of the American quartz lode to Busch on the 21st of April, 1884, or at any other time than within a day or two of October 15, 1883; that the deed from Deidesheimer was antedated; that the deed was executed or accepted with the intent or for the purpose of hindering, delaying, or defrauding any creditor of said Deidesheimer; that at the time the deed was executed an undivided half of the American quartz lode was of the apparent or market value of four thousand dollars, or of any sum exceeding one dollar; that Deidesheimer transferred any interest in the American quartz lode, or in the Young America Consolidated Mining Company, for the purpose of, or with the intent of, hindering, delaying, or defrauding any creditor; that the consideration for the issuance and delivery of stock to Matilda Deidesheimer and Philipp Deidesheimer was that Busch should convey to any corporation an undivided half of the American quartz lode mining claim; that the issuance and delivery of shares of stock to said Matilda Deidesheimer, and the conveyance by Busch to the corporation, were directed, caused, or procured by said Philipp for any purpose, or at all; that said Matilda, without consideration, assigned or transferred to the defendants Julia and Ritza Betts any shares of stock; that such transfer was made for the purpose, or with the intent, thereby to defraud or cheat plaintiff, or that said Julia and Ritza had notice of such purpose or intent.

The evidence that the deed from Deidesheimer to Busch was executed on or within a day or two of October 15, 1883, is clear and unequivocal, and there is no evidence substantially in conflict therewith; the argument to the contrary is based upon presumptions arising out of presumptions. There is no evidence that at the time of the conveyance the property conveyed had a market value in excess of the amount paid by Busch. The evidence shows that, at the time of the location of the Young America claim, Deidesheimer's name was inserted in the notice of location by Busch as an act of friendship; and that as soon as Deidesheimer made an examination of the ground he declared his intention not to abide by the location, and offered to and did execute to Busch a deed of the property; and that not until some months after the delivery of the deed did the claim have any apparent or market value. We find no evidence of any fraud on the part of either of the

49

defendants; on the contrary, the facts displayed by the evidence show that their transactions were in good faith.

Judgment and order reversed and cause remanded for a new trial.